**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALI SOBANA, | No. 10-71120 |
| Petitioner, | Agency No. A095-634-728 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Ali Sobana, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Sobana contends that he faced past persecution and faces a clear probability of persecution in Indonesia as a moderate Muslim. Substantial evidence supports the agency's conclusion that Sobana's experiences during the May 1998 riots and at a nightclub in 2000 did not constitute past persecution. *See id.* at 1059-60 (two incidents of beating and robbery and being accosted by hostile mob did not compel finding of past persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment, not persecution). Substantial evidence also supports the agency's determination that Sobana did not establish a clear probability of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (petitioner's fear was "too speculative" and thus not objectively reasonable). We reject Sobana's assertion that the BIA found there was no evidence Muslim extremists target other Muslims because it is belied by the record. Accordingly, Sobana's withholding of removal claim fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

10-71120